IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:15-CV-21038-KMM

CASA DIMITRI CORP. d/b/a
DIMITRI & CO., and
TECHNOMARINE, S.A.,

    Plaintiffs,

v.

INVICTA WATCH COMPANY OF
AMERICA, INC., TM BRANDS, LLC, EYAL
LALO, and TECHNOMARINE USA, Inc.,

    Defendants.

                                        /

ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE came before the Court upon Plaintiffs' Motion for Reconsideration of the Court's Order on Motion to Dismiss (the "Motion") (ECF No. 171). The applicable standard for a motion for reconsideration is that the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously. *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal quotation and citations omitted). Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

Plaintiffs argue that the Court's dismissal with prejudice of Dimitri & Co.'s trademark claims based on international comity grounds constitutes both a manifest legal and factual error.

Specifically, Plaintiffs argue that the proceedings which Technomarine commenced in Switzerland were not *bankruptcy* proceedings and the effect of those proceedings under Swiss law does not warrant dismissal of Dimitri & Co.'s trademark claims.  *See* Motion for Reconsideration at 3.  Indeed, Plaintiffs refer to "Swiss proceedings" rather than "Swiss bankruptcy proceedings" throughout their motion in an attempt to highlight a distinction based upon the nature of the relief sought by Defendants in the Swiss court, a request for a stay of insolvency proceedings rather than a "bankruptcy proceeding."  Plaintiffs also allege that they have established "that Defendants were neither transparent nor forthcoming" with either the Court or Plaintiffs regarding:

> (i) the type of proceedings Technomarine filed in Switzerland; (ii) the legal significance of the type of proceedings Technomarine filed under Swiss law, (iii) Defendants' representations, submissions or filings to the Court of First Instance and the receiver, (iv) what actually transpired in their discussions with the potential investors during the reorganization proceedings, and (v) Technomarine's dissolution in connection with the alleged 'bankruptcy' proceedings.

*See* Motion at 15.

In support of their Motion, Plaintiffs state that since the motions to dismiss were fully briefed, they became aware of several pieces of evidence, including the new discovery that Technomarine did not file any bankruptcy proceedings and instead chose to file a notice of over indebtedness.  *Id.* at 5.  The argument that Plaintiffs were previously unaware of the nature of the Swiss proceedings is belied by the record.  Appended to Defendants' motion to dismiss were the two Swiss judgments at issue, which detailed the nature of the proceeding which Plaintiffs claim is now "new" information.  *See* Declaration of Theodor Haertsch ("Haertsch Decl."), (ECF No. 120-1), Ex. A at 7 ("On December 26, 2014, TECHNOMARINE SA informed the judge of its indebtedness . . . asking primarily that bankruptcy be postponed . . ."); *see also* Haertsch Decl., Ex. B at 5 (The Court of First Instance "[w]aives declaring Technomarine SA bankrupt").

Although it may be the case the Plaintiffs were unaware of certain documents and discussions related to the Swiss proceeding, the Court does not find that the nature of the proceeding was obscured in any way, certainly not in such a way that it constitutes new evidence. The Court finds Plaintiffs' remaining arguments in support of reconsideration similarly unavailing.

Further, the Court found separate and apart from its comity analysis that dismissal of Plaintiffs' trademark claims was appropriate. In the Omnibus Order dated August 25, 2016 (the "Omnibus Order") (ECF No. 162), the Court stated "[e]ven though the Court finds the application of international comity appropriate, dismissal of Dimitri & Co.'s trademark claims on the merits is also appropriate." Omnibus Order at 11. In sum, Plaintiffs have not provided sufficient grounds justifying reconsideration of the Omnibus Order.

Accordingly, Plaintiffs' Motion to Reconsider Order on Motion to Dismiss is DENIED. Done and ordered in Chambers at Miami, Florida, this 2nd day of February, 2017.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:   Counsel of record